THE HONORABLE KYMBERLY K. EVANSON

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MATTHEW WRIGHTMAN, on his own behalf and on the behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK CAMPUS LLC, ARAMARK SERVICES, INC. dba ARAMARK CORPORATION, a Foreign for-Profit Corporation,<br><br>Defendants. | Case No. 2:25-cv-02073-KKE<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |

## I. INTRODUCTION

1.1. Defendants Aramark Campus LLC and Aramark Services, Inc. dba Aramark Corporation are foreign for profit corporate entities that provide food and facilities management services to clients in Washington.



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

1.2. Aramark Campus, LLC. Aramark Campus LLC, Aramark Services, Inc., are referred to collectively herein as "Defendants," and each allegation in this Complaint made against "Defendants" is made against each of them.

1.3. Defendants engaged in a common course of wage and hour violations against its non-exempt employees. Defendants denied Plaintiff and Class Members rest and meal breaks, failed to provide premium compensation for missed or late breaks, failed to pay all earned overtime, and systemically failed to provide advance scheduling according to the Seattle Secure Scheduling ordinance. Defendants violated Washington's Industrial Welfare Act ("IWA"), RCW 49.12, Minimum Wage Act ("MWA"), RCW 49.46, Wage Payment Act ("WPA"), RCW 49.48, Wage Rebate Act ("WRA"), RCW 49.52 and Seattle Secure Scheduling Ordinance ("SSO"), SMC 14.22.

1.4. This class action seeks compensation and statutory penalties under Washington law for these systemic wage and hour violations.

1.5. Defendants are employers for purposes of IWA, MWA, WPA, WRA, and SMC.

## II. JURISDICTION AND VENUE

A. **Jurisdiction**

2.1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1441(a). This action was originally filed in the Superior Court of Washington for King County and was removed to this Court by Defendants. This Court denied Plaintiff's motion to remand. Dkt. No. 31.

2.2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims arising under the Seattle Municipal Code, which form part of the same case or controversy as Plaintiff's claims under Washington statutory law.

B. **Venue**



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

2.3. Venue is proper in the United States District Court for the Western District of Washington at Seattle under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1441(a) because Defendants do business in this District, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in King County, Washington, and this District embraces the state court in which this action was originally filed.

**III. PARTIES**

3.1. Plaintiff Matthew Wrightman is a resident of Washington who worked for Defendants as a non-exempt Part Time Concessions Supervisor and Administrative Support Worker Lead. Plaintiff has been employed by Defendants since December 11, 2023, at locations in Seattle, Washington.

3.2. Defendant Aramark Services, Inc. is a foreign for-profit corporation that employs non-exempt workers to provide foodservice, facilities management, and uniform services worldwide, including in Washington State. Defendant Aramark Services, Inc. is an employer under Washington's wage laws.

3.3. Aramark Services, Inc. and Aramark Campus, LLC operate as a single integrated enterprise and as joint employers of Plaintiff and Class Members.

3.4. Interrelation of operations. Upon information and belief, Aramark Services, Inc. and Aramark Campus, LLC share common offices, common administrative and back-office functions, and common recordkeeping. Plaintiff's scheduling, timekeeping, and payroll records were created and maintained on centralized, commonly branded "Aramark" systems used by both entities, and Plaintiff's wage statements, onboarding materials, and workplace notices were issued under the common "Aramark" name rather than by Aramark Campus, LLC alone.

3.5. Common management and directors. Upon information and belief, the two entities share common officers and directors and common senior management, and managerial personnel — including Melinda Altamirano, who is a District Manager "for Aramark or its



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

affiliates in Washington" — exercise supervisory authority across both entities rather than for a single legal entity.

3.6. Centralized control of personnel matters and labor relations. The employee handbook, code of conduct, timekeeping rules, scheduling practices, and meal-and-rest-break policies applied to Plaintiff and Class Members were promulgated centrally under the common "Aramark" name and applied uniformly across both entities. Human resources, payroll processing, and labor-relations functions are centralized rather than maintained separately by Aramark Campus, LLC.

3.7. Common ownership and financing. Upon information and belief, Aramark Campus, LLC is a direct or indirect wholly owned subsidiary or affiliate of Aramark Services, Inc., and the two entities are centrally owned and financed under a common corporate parent, sharing common capital, insurance, and financial reporting.

3.8. Economic realities. Under the economic realities of the employment relationship, Aramark Services, Inc. (1) had the power, directly or indirectly, to hire and fire Plaintiff and Class Members; (2) supervised and controlled their work schedules and conditions of employment, including the staffing levels and scheduling practices that caused the break violations alleged herein; (3) determined the rate and method of their payment, including whether premium compensation for noncompliant meal and rest breaks would be paid; and (4) maintained their employment, timekeeping, and payroll records.

3.9. Accordingly, Aramark Services, Inc. is an employer and joint employer of Plaintiff and Class Members within the meaning of RCW 49.12, RCW 49.46, RCW 49.48, RCW 49.52, and SMC 14.20 and 14.22, and is jointly and severally liable for the violations alleged herein.

3.10. Defendant Aramark Campus, LLC, is a Limited Liability Corporation that employs non-exempt workers to provide food services, facilities management, and uniform



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

services worldwide and at educational institutions. Defendant Aramark Campus, LLC is an employer under Washington's wage laws.

## IV. CLASS ALLEGATIONS

### A. **Class Definition**

4.1. Plaintiff brings this action under Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the following Class: All individuals employed by Defendants in Washington State as hourly-paid or non-exempt employees at any time from three years prior to the filing of this Complaint to the present ("Class").

4.2. Plaintiff also brings this action on behalf of a Subclass:

All individuals employed by Defendants within the City of Seattle as hourly-paid or non-exempt employees at any time from three years prior to the filing of this Complaint to the present ("Seattle Subclass").

4.3. Excluded from the Class and Subclass are Defendants' officers, directors, legal representatives, and any judge assigned to this case.

### B. **Numerosity, Typicality, Adequacy**

4.4. The proposed class is numerous and believed to include at least 40 individuals. Joinder is impracticable.

4.5. Plaintiff's claims are typical of those of the class because he, like other class members, was subject to the same policies and practices of noncompliant meal and rest breaks, unpaid breaks, and uncompensated work time.

4.6. Plaintiff will fairly and adequately represent the class and has retained experienced class counsel.

4.7. Plaintiff has no legal conflict with the class.

### C. **Common Questions of Law and Fact**



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

4.8. Common questions of law and fact predominate over individual questions, including:

a. Whether Defendants failed to provide or ensure compliant rest and meal breaks;
b. Whether Defendants failed to pay wages for all hours worked;
c. Whether Defendants failed to pay attendant overtime for all hours worked over 40 per week;
d. Whether Defendants failed to keep accurate records of hours worked and breaks taken;
e. Whether Defendants' practices violated RCW 49.12, RCW 49.46, RCW 49.48, and RCW 49.52;
f. Whether Plaintiff and Class Members are entitled to damages, double damages, interest, and attorneys' fees.
g. Whether Defendants violated the Seattle Secure Scheduling Ordinance, SMC 14.22, by unilaterally changing posted schedules without consent, and failing to pay required premiums for such change.

D. **Superiority**

4.9. Class treatment is superior to individual actions because it promotes efficiency, avoids duplication, and allows for recovery of modest individual claims that would be uneconomical to pursue individually.

## V. FACTUAL ALLEGATIONS

4.10. Plaintiff and Class Members (including Seattle Subclass) regularly worked shifts during which Defendants failed to provide legally compliant rest and meal breaks.

4.11. Plaintiff and Class Members (including Seattle Subclass), at times, worked forty hours and above.

4.12. At times, when Plaintiff and Class Members were not provided compliant meal periods, including missed, short, or late meal periods, in violation of WAC 296-126-092, Defendants did not compensate them for the violations.



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

4.13. For example, on June 8, 2024, Plaintiff worked an 8+ hour shift during UW Commencement and did not receive uninterrupted meal breaks or compliant rest breaks free from duties because Defendants' staffing required continuous work.

4.14. On August 31, 2024, Plaintiff worked 12.07 hours without any uninterrupted meal or rest breaks due to short staffing.

4.15. On September 7, 2024, Plaintiff worked 11.83 hours without meal breaks and rest breaks due to Defendants' work demands requiring continuous work.

4.16. Similar violations occurred on September 21, October 5, and November 2, 2024, each involving shifts exceeding 10 hours without uninterrupted meal breaks after five hours and rest breaks every four hours.

4.17. In 2025, Plaintiff worked multiple shifts over 6–9 hours (e.g., January 11, May 2, May 7) without uninterrupted meal breaks or rest breaks every four hours.

4.18. Plaintiff was not paid additional compensation for these and other meal and rest break violations, and Defendants had the authority to pay Plaintiff and Class Members. Upon information and belief the same is true for Class Members.

4.19. Defendants, , among other things failed to affirmatively promote meal and rest breaks by not scheduling breaks, failed to schedule enough employees to ensure Plaintiff and Class Members received compliant breaks, failed to relieve Plaintiff and Class Members for breaks, failed to provide a system to report instances of break violations, failed to provide a mechanism for Plaintiff and Class Members to receive required compensation for missed breaks even after Plaintiff complained to his managers about not being provided breaks. Plaintiff was subsequently told by his managers to focus on completing operations and reprimanded.

4.20. Defendants, , had oversight of Plaintiff and Class Members' wages, schedule, and staffing and had the ability to implement reporting, tracking, and compensation of noncompliant meal and rest breaks.



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

4.21. Upon information and belief, Defendants applied the same practice to members of the Class.

4.22. Plaintiff and Class Members worked shifts greater than five hours in length and did not knowingly and voluntarily waive their rights to meal periods in compliance with Washington law.

4.23. At times, Defendants failed to provide ten-minute rest breaks for each four hours worked by Plaintiff and Class Members.

4.24. Defendants did not compensate Plaintiff and Class Members for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

4.25. Defendants failed to provide a mechanism to track rest break violations.

4.26. Defendants' failure to pay for all hours worked, provide lawful rest and meal periods, was willful and not the result of a bona fide dispute.

4.27. At times when total compensable time, including additional time to compensate for missed or otherwise noncompliant rest and meal periods, totaled over forty hours in a workweek, Defendants did not pay one and one-half times the regular rate of pay for all hours over forty in a workweek. For example, Defendants' failure to provide uninterrupted meal and rest breaks resulted in employees, including Plaintiff during the week of July 11, 2024, working through breaks, thereby increasing total hours worked beyond 40 per week without proper overtime compensation.

4.28. Defendants often failed to compensate employees for employer-requested changes to the employee's written work schedule that occurred after the required notice.

4.29. For example, On December 21, 2023, Defendants removed Plaintiff's scheduled shift for December 22, 2023, after the schedule had been posted on December 13, 2023, without providing predictability pay for the work schedule change.



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

4.30. On January 17, 2024, Defendants removed and added shifts for Plaintiff on January 17 and January 18, despite the schedule being posted approximately January 11, 2024.

4.31. On April 25, 2024, Defendants adjusted Plaintiff's start time for April 26, 2024 without timely notice or predictability pay.

4.32. In May 2024, Defendants failed to provide complete schedules and instructed Plaintiff to maintain "open availability," causing economic harm and violating SMC 14.22.

4.33. In June 2025, Defendants, , removed multiple shifts that were previously scheduled for Plaintiff and did not provide requisite notice or pay.

4.34. As a result, Plaintiff and Seattle Subclass Members suffered economic harm, including loss of predictability pay, uncompensated schedule changes, and the deprivation of workplace rights guaranteed by law.

4.35. These violations are not isolated incidents but part of a consistent pattern affecting all non-exempt employees in the same job classifications, demonstrating common policies and practices applicable to the proposed class.

4.36. The facts discussed in paragraphs 4.10 – 4.36 stem from Defendants' uniform scheduling and staffing practices, which apply to all hourly employees in the same positions. As such, the claims of Plaintiff and the proposed class share common questions of law and fact, satisfying Rule 23(a)(2).

## VI. CAUSES OF ACTION

### First Cause of Action
### Violation of the Washington Minimum Wage Act (Applies to the Class and the Seattle Subclass)

5.1. Plaintiff incorporates all preceding paragraphs by reference.

5.2. RCW 49.46.020 requires employers to pay at least the minimum wage for all hours worked. RCW 49.46.130 mandates overtime pay at 1.5 times the regular rate for hours over 40 per week.



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

5.3. Defendants failed to pay for all compensable time, including: Work during meal periods; Work during rest periods; and Overtime hours beyond 40 per week.

5.4. As a result, Plaintiff and Class Members are entitled to unpaid wages, overtime compensation, interest, costs, and attorneys' fees under RCW 49.46.090 and RCW 49.48.030.

**Second Cause of Action**
**Violation of Washington's Minimum Wage Act, Industrial Welfare Act, and WAC 296-126-092 (Rest and Meal Breaks) on Behalf of Plaintiff and the Class (Applies to the Class and the Seattle Subclass)**

5.5. Plaintiff incorporates all preceding paragraphs by reference.

5.6. WAC 296-126-092 requires: A 10-minute paid rest break per four-hour period; a 30-minute unpaid meal period for shifts over five hours between the second and fifth hour of work; Premium pay for missed, short, late, or otherwise noncompliant breaks.

5.7. Defendants failed to provide these breaks and did not pay premiums when required.

5.8. Plaintiff and Class Members are entitled to break premiums, penalties, interest, and attorneys' fees.

**Third Cause of Action**
**Willful Withholding of Wages (RCW 49.52.050 & .070)**

5.9. Plaintiff incorporates all preceding paragraphs by reference.

5.10. RCW 49.52.050(2) prohibits employers from willfully withholding wages.

5.11. Defendants knowingly failed to pay: All wages for hours worked; Break premiums; and Overtime wages;

5.12. Defendants' conduct was not based on a bona fide dispute.

5.13. Plaintiff and Class Members are entitled to double damages and attorneys' fees under RCW 49.52.070.

**Fourth Cause of Action**
**Willful Withholding of Wages (RCW 49.52.050 & .070 and SMC 14.20 – Wage Theft Ordinance)**
*(Applies to the Class and the Seattle Subclass)*

5.14. Plaintiff incorporates all preceding paragraphs by reference.



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

5.15. RCW 49.52.050(2) prohibits employers from willfully withholding wages. SMC 14.20 likewise prohibits wage theft and requires timely and full payment of all earned compensation.

5.16. Upon information and belief, Defendants knowingly failed to pay: All wages for hours worked; Break premiums; Attendant overtime wages; and Secure scheduling premiums.

5.17. Defendants' conduct was not based on a bona fide dispute.

5.18. Plaintiff, Subclass and Class Members are entitled to double damages and attorneys' fees under RCW 49.52.070 and remedies provided under SMC 14.20.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23;

B. Appoint Plaintiff as Class Representative to the Class and Subclass, and appoint Plaintiff's counsel as Class Counsel;

C. Award all unpaid wages, overtime pay, and missed meal and rest break premiums, including those required under RCW 49.46, RCW 49.48, RCW 49.52, and award all compensation owed under Seattle Municipal Code ("SMC") 14.22 (Secure Scheduling);

D. Award double damages under RCW 49.52.070 and RCW 49.52.050, and statutory damages, penalties, and remedies authorized under SMC 14.19 and 14.22, including liquidated damages in an additional amount of up to twice the unpaid compensation;

E. Award civil penalties and fines as provided by SMC 14.22.095, including but not limited to $500 per aggrieved party for initial violations and higher amounts for repeated violations;

F. Award reasonable attorneys' fees and costs under RCW 49.48.030, SMC 14.19.080, SMC 14.20.090, SMC 14.22, and other applicable law;



**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222

G. Award pre-judgment and post-judgment interest;

H. Grant such other and further relief as the Court deems just and proper.

**DATED this 3rd day of August, 2026.**

**NOLAN LIM LAW FIRM, PS**

By: s/Nolan Lim
Nolan Lim, WSBA No. 36830
1111 Third Ave, Suite 1850
Seattle, WA 98101
Telephone: (206) 774-8874
Email: nolan@nolanlimlaw.com

**HONES LAW PLLC**

*s/ Ed Hones*
Ed Hones, WSBA No. 58275
Ari Robbins Greene, WSBA No. 54201
Anna Michel, WSBA No. 63438
119 1st Ave S SUITE 310
Seattle, WA 98104
Telephone: (206) 899-5061
Email: ed@honeslaw.com

*Attorneys for Plaintiff*

**NOLAN LIM LAW FIRM, PS.**
1111 THIRD AVE Suite 1850
Seattle, WA 98101
Phone: (206) 774-8874
Facsimile: (206) 430-6222